Filed 8/19/15  P. v. Mason CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078455 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM042001, CM042002) |
| v. | |
| BRYCE CAMERON MASON, | |
| Defendant and Appellant. | |

Defendant Bryce Cameron Mason pleaded no contest to unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) and misdemeanor second degree burglary (Pen. Code, § 459)[1] and admitted a prior prison term allegation (§ 667.5, subd. (b)).  The trial court sentenced defendant to four years in county jail.

On appeal, defendant contends the trial court erred in denying mandatory supervision without giving reasons for its order.  Finding the error harmless, we affirm.

---

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

## FACTUAL AND PROCEDURAL BACKGROUND

### The Crimes[2]

On September 25, 2014, at around 1:17 a.m., an officer was dispatched to a residence on a stolen vehicle report. The victim told the officer he had parked his work truck next to his home, and a neighbor later awoke him and told him that the truck had been stolen by an unknown male. The neighbor told the officer that he saw an adult male enter the truck and drive off with the headlights turned off. He also gave a physical description of the man.

At around 11:30 a.m., officers learned that the truck was parked in a field near Montgomery Street and Highway 70. The victim was alerted to the scene by a friend who saw his truck; he went there and saw defendant driving the truck until it became disabled. A responding officer found defendant seated in the truck's driver's seat. Defendant told officers that he was given the truck by a friend. Defendant was searched, and found to have two " 'skeleton' " keys and a checkbook issued to Gayle and Ginger Meadors. The Meadors had reported their vehicle burglarized the previous day, and the checkbook was one of the items taken from it. Also found were a USB drive and a California Benefits card belonging to George Buchanan, who had reported his vehicle stolen on September 20, 2014.

### Sentencing

The probation report noted that defendant had an extensive criminal history regarding theft and he had not been free of incarceration or serious violation of the law for a substantial time. His prior performance on supervised release was unsatisfactory, as he had either sustained documented violations or committed new crimes while on release. And he was on post release community supervision when he committed the offenses for

---

[2] Since defendant pleaded no contest, we take the facts of the offenses from the probation report.

which he pled no contest. Nonetheless, the report recommended incarceration for 365 days followed by 1,096 days suspended with supervised release so that defendant could receive extensive substance abuse treatment and address the numerous behaviors which caused him to commit his crimes. Specifically, the probation report stated, "Upon review of Rule of Court 4.415, it is noted that a significant amount of custody exposure will be available. Further, the defendant will not be supervised by any agency upon his release from a straight County Prison term. Although the defendant's prior performance on supervised release has been unsatisfactory, the nature of the offenses currently before the Court are not more serious than other instances of the same crimes. Additionally, a period of supervision following the prison term, wherein the defendant is closely monitored by a supervising agency will both promote public safety and the defendant's successful reentry into the community upon release from custody. . . . This portion of the sentence, which is suspended, will afford the defendant the opportunity to receive extensive substance abuse treatment, which the defendant would benefit from, and provide the defendant with the opportunity to address the behaviors that initially caused the defendant to commit these crimes."

At the beginning of the sentencing hearing, the trial court indicated its inclination to impose the maximum four-year term in county jail and asked the parties for their response. Defense counsel told the court that two of defendant's four prior felonies are now misdemeanors under Proposition 47. Defense counsel agreed with the probation report's recommendation of a mandatory supervision term as defendant's entire criminal history was related to his drug use, although he conceded that defendant had some previous "stays in residential treatment." Continuing, counsel stated: "I understand the Court's position on mandatory supervision, but I do think this is a case that merits some special consideration based on his prior record that is not necessarily as serious, in terms of the nature of the offenses, as you would look at first glance." Counsel concluded by asking for mandatory supervision, or in the alternative, a midterm sentence.

3

The trial court replied, "I'm not inclined to do that." The prosecution then argued, "based on his criminal history, it started when he was 10. I think enough is enough." The court then told defendant:

"Sir, I don't know how many resources we can provide for you. [¶] . . . [¶] You had 21 charges adjudicated as a juvenile. You were tried on juvenile probation. You were given wardship. You were placed in group homes. You finally ended up in CYA because you couldn't obey the law. If those two felonies are reduced to misdemeanors [because of Proposition 47], then we're looking at two prior felonies, eight prior misdemeanors. You've been given felony probation, post-release community supervision, mandatory supervision and you failed at all of those, had violations.

"You've been thieving for 10 years. *We've given you numerous programs, and you've been unable to take advantage and change things*. I think this is a choice you've been making as to how to live your life.

"*So I'm not going to waste any more of the resources* than we have. I'm just going to have you serve your time and you can decide whether or not you want to change how you've been living your life after you get out." (Italics added.)

After restating the terms of the no contest plea, the trial court found defendant was not eligible for probation absent an unusual case, and after reviewing the criteria in California Rules of Court, rule 4.413,[3] the court found that defendant's case does not meet any of the criteria for overcoming the presumption against probation and thus, denied probation. The court went on to say it would deny probation even if defendant was not statutorily ineligible given defendant's prior criminal record, the sophisticated nature of the current offenses, and his prior poor performance on probation, post-release

---

[3] Undesignated rules references are to the California Rules of Court.

4

supervision, and mandatory supervision. It recommended that defendant attend drug and alcohol counseling while incarcerated.

Next, citing rule 4.421, the trial court found the aggravating circumstances outweighed the mitigating circumstances and imposed the upper term of three years for the vehicle theft count and a consecutive one year for the prior prison term enhancement. The court told defendant it found the following to be aggravating circumstances: "[Y]our prior convictions as an adult; your sustained petitions in juvenile delinquency are numerous and of increasing seriousness; you served a prior prison term; you were on post-release community supervision when the crimes were committed; your prior performance on probation and post-release supervision has been unsatisfactory."[4]

The trial court then addressed fines, fees, and presentence credits. It then informed defendant of his right to appeal, after which defense counsel stated, "Your Honor, if I may, due to a recent change in the law, the Court will need to make a finding regarding the denial of mandatory supervision under [rule] 4.415." The court replied, "A denial, what?" Defense counsel explained the criteria under rule 4.415 that the trial court may consider regarding the denial of mandatory supervision. Specifically, defense counsel told the court, "Denying the mandatory supervision. The Court will make that finding under Rule of Court 4.415. The possibilities of the consideration of the balance of custody closure [*sic*], present status on supervised release, specific factors related to the defendant and the lack of need for treatment, and supervision upon release, custody, or whether the nature, seriousness or circumstances of the case substantially outweigh the benefits of supervision in promoting public safety, and the defendant's successful reentry into the community." The trial court replied, "Okay. The Court is going to adopt the last finding set forth by probation." The problem is that the

---

[4] The probation report noted that there were no mitigating circumstances, and defense counsel argued none.

5

recommendation of the probation department, based on a consideration of the rule 4.415 factors, was that defendant should be sentenced to mandatory probation, not straight county prison time.

## DISCUSSION

Defendant contends the trial court failed to provide adequate reasons for the denial of mandatory supervision. He argues that the trial court's reference to the reasons provided in the probation report was insufficient because the report recommended mandatory supervision after 365 days in custody. According to defendant, the court's failure resulted in an unauthorized sentence,[5] which requires a remand for the trial court to properly exercise its discretion on whether to grant a period of mandatory supervision.

Section 1170, subdivision (h)(5)(A), states: "*Unless the court finds that, in the interests of justice*, it is not appropriate in a particular case, the court, when imposing a sentence pursuant to paragraph (1) or (2), shall suspend execution of a concluding portion of the term for a period selected at the court's discretion."[6] (Italics added.)

Rule 4.415 states in pertinent part: "(a) When imposing a term of imprisonment in county jail under section 1170(h), the court must suspend execution of a concluding portion of the term to be served as a period of mandatory supervision unless the court finds, in the interests of justice, that mandatory supervision is not appropriate in a particular case. Because section 1170(h)(5)(A) establishes a statutory presumption in

---

[5] We reject the notion that the trial court's failure in this regard makes the sentence "unauthorized." "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstances in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) We address the manner in which this lawful sentence was imposed, *post*.

[6] This provision applies to all defendants sentenced pursuant to section 1170, subdivision (h), on or after January 1, 2015. (§ 1170, subd. (h)(7).) Defendant was sentenced on January 7, 2015. Vehicle Code section 10851 is subject to the sentencing provisions of Penal Code section 1170, subdivision (h). (Veh. Code, § 10851, subd. (a).)

favor of the imposition of a period of mandatory supervision in all applicable cases, denials of a period of mandatory supervision should be limited."  Rule 4.415 establishes criteria the court "may consider" for determining when mandatory supervision is not appropriate in the interest of justice, including "[t]he defendant's present status on . . . postrelease community supervision" and "[w]hether the . . . defendant's past performance on supervision substantially outweigh the benefits of supervision in promoting public safety and the defendant's successful reentry into the community upon release from custody."  (Rule 4.415(b)(2) & (4).)[7]  "[W]hen a court denies a period of mandatory supervision in the interests of justice, the court must state the reasons for the denial on the record."  (Rule 4.415(d).)

The trial court began the sentencing hearing by stating its intent to impose a four-year county prison term, and after hearing argument from defense counsel for mandatory supervision, gave reasons for its initial decision.  Those reasons -- defendant's extensive criminal history, his failure to utilize the many resources previously provided to him, his poor performance on probation, postrelease community supervision, and mandatory supervision, and the fact that the crimes were committed while defendant was on post release supervision -- are all valid reasons for denying mandatory supervision.  (Rules 4.408 [trial court may consider factors not enumerated that are reasonably related to the sentencing decision], 4.415(b)(2) & (4).)

---

[7]  Section 1170, subdivision (h)(5)(A), and rule 4.415 are consistent with the legislative findings underlying the Realignment Act.  The Legislature noted in section 17.5, subdivision (a)(5), "Realigning low-level felony offenders who do not have prior convictions for serious, violent, or sex offenses to locally run community-based corrections programs, which are strengthened through community-based punishment, evidence-based practices, improved supervision strategies, and enhanced secured capacity, will improve public safety outcomes among adult felons and facilitate their reintegration back into society."

A failure to state adequate reasons for a sentencing decision does not warrant reversal unless it is "reasonably probable that a more favorable sentence would have been imposed in the absence of error. [Citations.]" (*People v. Davis* (1995) 10 Cal.4th 463, 552 [failure to state reasons for consecutive sentencing was harmless when the record disclosed the crimes involved separate acts of violence on different people and there were numerous aggravating factors that would support consecutive sentences]; *People v. Champion* (1995) 9 Cal.4th 879, 934 [error in failing to state reasons for consecutive sentencing was harmless where there were 10 circumstances in aggravation and no mitigating circumstances; under the circumstances it was "inconceivable that the trial court would impose a different sentence if we were to remand for resentencing"]; *People v. Williams* (1996) 46 Cal.App.4th 1767, 1782-1783 [remand was not required because of dual use of facts in sentencing defendant to a consecutive sentence, because the error was harmless given the remaining aggravating factors upon which the court validly relied].) In light of the trial court's clear statement of reasons justifying its decision to impose a four-year term without mandatory supervision, its later erroneous reference to a probation report that recommended mandatory supervision was harmless error. Given that the trial court indicated it would be inappropriate to "waste any more . . . resources" on defendant after citing his apparent past failure to take advantage of the "numerous programs," his juvenile history, which included probation, group homes and CYA, his failure of probation, post-release community supervision, and mandatory supervision, and his extensive 10-year history of theft, we conclude that "[i]t is not reasonably probable" (*Davis*, at p. 552) the trial court would find the benefits of supervision and defendant's successful reentry into the community outweigh defendant "past performance on supervision" or that a period of mandatory supervision is in the interest of justice here. "We are confident that, under the circumstances, an order of remand for a . . . statement of reasons would be no more than an idle act." (*Williams*, at p. 1783.)

**DISPOSITION**

The judgment is affirmed.

                                             MURRAY     , J.


We concur:


     BLEASE     , Acting P. J.


     ROBIE     , J.